UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| James G. Blakely,<br>*aka Jimmy G. Blakely*<br>　　　　　　　　Plaintiff,<br><br>vs.<br><br>Jon Ozmint, Dir; and<br>Medical Dept.,<br>　　　　　　　　Defendants. | ) C/A No. 4:07-798-MBS-TER<br>)<br>)<br>)<br>)<br>)<br>) **Report and Recommendation**<br>) |

The Plaintiff, James G. Blakely (Plaintiff), proceeding *pro se*, brings this action pursuant to 42 U.S.C. § 1983.[1] Plaintiff is an inmate at Broad River Correctional Institution, a facility of the South Carolina Department of Corrections (SCDC), and files this action *in forma pauperis* under 28 U.S.C. § 1915. The Complaint names as Defendants SCDC Director Jon Ozmint and Medical Dept.[2] Plaintiff claims that Defendants denied medical treatment and subjected him to cruel and unusual punishment. Plaintiff asks the Court to Order Defendants to provide a medical examination conducted by "impartial physicians". The Complaint should be dismissed for failure to state a claim upon which relief may be granted.

*Pro Se* and *In Forma Pauperis* Review

Under established local procedure in this judicial district, a careful review has been made of the *pro se* Complaint pursuant to the procedural provisions of 28 U.S.C. § 1915; 28 U.S.C. § 1915A; and

---

[1] Pursuant to the provisions of 28 U.S.C. §636(b)(1)(B), and Local Rule 73.02(B)(2)(d), D.S.C., the undersigned is authorized to review such Complaints for relief and submit findings and recommendations to the district judge.

[2] Title 28 U.S.C. § 1915A (a) provides that "[t]he court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a Complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity."

the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996). This review has been conducted in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Md. House of Corr.*, 64 F.3d 951 (4th Cir. 1995) (*en banc*); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983).

The Complaint herein has been filed pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action "fails to state a claim on which relief may be granted" or is "frivolous or malicious." § 1915(e)(2)(B)(i), (ii). A finding of frivolity can be made where the Complaint "lacks an arguable basis either in law or in fact." *Denton v. Hernandez*, 504 U.S. at 31. Hence, under § 1915(e)(2)(B), a claim based on a meritless legal theory may be dismissed *sua sponte*. *Neitzke v. Williams*, 490 U.S. 319 (1989); *Allison v. Kyle*, 66 F.3d 71 (5th Cir. 1995).

This Court is required to liberally construe *pro se* documents, *Estelle v. Gamble*, 429 U.S. 97 (1976), holding them to a less stringent standard than those drafted by attorneys, *Hughes v. Rowe*, 449 U.S. 5, 9 (1980) (*per curiam*). Even under this less stringent standard, however, the *pro se* Complaint is subject to summary dismissal. The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the Plaintiff could prevail, it should do so, but a district court may not rewrite a petition to include claims that were never presented, *Barnett v. Hargett*, 174 F.3d 1128, 1133 (10th Cir. 1999), or construct the Plaintiff's legal arguments for him, *Small v. Endicott*, 998 F.2d 411, 417-18 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985). The requirement of liberal construction does not mean that the court can ignore a clear failure

in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, (4th Cir. 1990).

## Background

Plaintiff indicates he experiences "extreme pain" and fears he may have cancer or liver damage. Plaintiff, who is on at least two types of pain medication, states he has sought medical treatment but received only pain pills. Plaintiff further states that nurses refuse to schedule medical appointments with the doctor and that "medical" has failed to adequately examine him.

## Discussion

Plaintiff appears to name Defendant Ozmint, Director of SCDC, in his supervisory capacity.[3] Supervisory officials may be held liable, in certain circumstances, for constitutional injuries inflicted by their subordinates. *See Shaw v. Stroud*, 13 F.3d 791 (4th Cir. 1994); *Slaken v. Porter,* 737 F.2d 368, 373 (4th Cir. 1984). However, certain criteria must be met before such liability can attach. The Plaintiff must show that the supervisory official was (1) actually or constructively aware of a risk of constitutional injury, (2) deliberately indifferent to that risk, and (3) that an affirmative causal link exists between the supervisor's inaction and the particular constitutional injury suffered by the Plaintiff. *Shaw v. Stroud,* 13 F. 3d at 799; *Carter v. Morris*, 164 F.3d 215, 221 (4th Cir. 1999). In *Randall v. Prince George's County*, 302 F.3d 188, 206 (4th Cir. 2002), this Court concluded that, "[u]nder the first prong of *Shaw*, the conduct engaged in by the supervisor's subordinates must be pervasive, meaning that the conduct is widespread, or at least has been used on several different occasions" (citation omitted).

---

[3] Plaintiff does not state what, if any, professional relationship Defendant Ozmint may have with any unnamed individual who might have personally violated the United States Constitution in their dealings with Plaintiff. However, it can be judicially noticed that Defendant Ozmint could be considered a "supervisor" with respect to SCDC employees and/or officers employed at the Broad River Correctional Institution.

Furthermore, in establishing "deliberate indifference" under *Shaw's* second prong, a plaintiff "[o]rdinarily . . . cannot satisfy his burden of proof by pointing to a single incident or isolated incidents . . . for a supervisor cannot be expected . . . to guard against the deliberate criminal acts of his properly trained employees when he has no basis upon which to anticipate the misconduct." *Randall v. Prince George's County*, 302 F.3d at 206 (quoting *Slakan*, 737 F.2d at 373). Since there are no allegations of any individual wrongdoing or potential supervisory liability for anyone else's wrongdoing on the part of Defendant Ozmint, Plaintiff's Complaint is both frivolous and fails to state a claim on which relief can be granted. *See Cochran v. Morris*, 73 F.3d 1310 (4th Cir. 1996)(statute allowing dismissal of *in forma pauperis* claims encompasses complaints that are either legally or factually baseless); *Weller v. Dep't of Social Servs.*, 901 F.2d 387(4th Cir. 1990)(dismissal proper where there were no allegations against defendants).

Defendant Medical Dept. is also entitled to summary dismissal from Plaintiff's action. In order to state a claim for damages under 42 U.S.C. § 1983, an aggrieved party must sufficiently allege that he was injured by "the deprivation of any [of his] rights, privileges, or immunities secured by the [United States] Constitution and laws" by a "person" acting "under color of state law." *See* 42 U.S.C. § 1983; *Monell v. Department of Social Services*, 436 U.S. 658, 691 (1978). It is well settled that only "persons" may act under color of state law, therefore, a Defendant in a section 1983 action must qualify as a "person." For example, several courts have held that inanimate objects such as buildings, facilities, and grounds do not act under color of state law. *See Allison v. California Adult Auth.*, 419 F.2d 822, 823 (9th Cir. 1969)(California Adult Authority and San Quentin Prison not "person[s]" subject to suit under 42 U.S.C. § 1983); *Preval v. Reno*, 57 F.Supp.2d 307, 310 (E.D. Va. 1999)("[T]he Piedmont Regional Jail is not a 'person,' and therefore not amenable to suit under 42 U.S.C. § 1983."); *Brooks*

4

*v. Pembroke City Jail*, 722 F. Supp. 1294, 1301(E.D. N.C. 1989)("Claims under § 1983 are directed at 'persons' and the jail is not a person amenable to suit."). Additionally, use of the term "staff" or the equivalent as a name for alleged Defendants, without the naming of specific staff members, is not adequate to state a claim against a "person" as required in section 1983 actions. *See Martin v. UConn Health Care*, 2000 WL 303262, *1 (D. Conn., Feb 09, 2000); *Ferguson v. Morgan*, 1991 WL 115759 (S.D. N.Y. Jun 20, 1991). Thus, Defendant Medical Department is not a "person" subject to suit under § 1983 and should be dismissed as a Defendant.

## Recommendation

Accordingly, it is recommended that the District Court dismiss the Complaint in the above-captioned case *without prejudice* and without issuance of service of process.[4] *See Todd v. Baskerville* 712 F.2d at 74, *Denton v. Hernandez*, 504 U.S. at 31, *Neitzke v. Williams*, 490 U.S. at 324-25. Plaintiff's attention is directed to the important notice on the next page.

Respectfully Submitted,

s/Thomas E. Rogers, III
Thomas E. Rogers, III
United States Magistrate Judge

April 9, 2007
Florence, South Carolina

---

[4] It should be noted that Plaintiff has exceeded "three strikes" under 28 U.S.C. § 1915(g). However, in light of the pleading deficiencies, no opinion is being expressed as to whether Plaintiff's claims would fall into the "imminent danger of serious physical injury" exception to the "three strikes" rule.

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
P. O. Box 2317
Florence, South Carolina 29503

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).