IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| James G. Blakely, #255623, )<br>*a/k/a Jimmy G. Blakely* )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>Jon Ozmint, Dir.; and Medical Dept., )<br>)<br>Defendants. )<br>_____ ) | C/A No.: 4:07-0798-MBS-TER<br><br><br><br>**O R D E R** |

Plaintiff James G. Blakely is an inmate in the custody of the South Carolina Department of Corrections. He is currently housed at Broad River Correctional Institution ("BRCI") in Columbia, South Carolina. Appearing *pro se*, Plaintiff brought this action pursuant to 42 U.S.C. § 1983, alleging that the defendants violated his constitutional rights by subjecting him to medical indifference. Specifically, Plaintiff claims that he experiences "extreme pain," but that the medical staff at BRCI has failed to adequately examine him and has prescribed to him medication that may have caused cancer or liver damage. Complaint, 1-2 (Entry 1).

In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02, D.S.C., this matter was referred to United States Magistrate Judge Thomas E. Rogers, III for pretrial handling. The Magistrate Judge filed a Report and Recommendation on April 9, 2007, in which he recommended that the complaint be summarily dismissed without prejudice and without issuance and service of process. Report and Recommendation, 5 (Entry 7). On April 25, 2007, Plaintiff filed objections to the Report and Recommendation and a motion to amend the complaint.[1] Objections (Entry 9).

---

[1] Plaintiff's filing is styled as "Opposition to Report and Recommendation & Amendment to Complain [sic]," id. at 1; however, the corresponding docket entry

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility for making a final determination remains with this court. Mathews v. Weber, 423 U.S. 261, 270 (1976). The court is charged with making a de novo determination of any portions of the Report and Recommendation to which a specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or may recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

## DISCUSSION

The court has reviewed Plaintiff's objections to the Magistrate Judge's Report. Plaintiff does not raise any objection to the Magistrate Judge's findings; rather, he simply repeats the allegations of his complaint. See, e.g., Objections, 2 ("Dr. Samson is refusing to allow any other physician to examine Plaintiff."); id. at 3 ("The pain in Plaintiff's head, back, legs, and sides are coming from something and Plaintiff fear [sic] it's cancer."); id. ("Every day, Plaintiff is experiencing pain and sickness and being [sic] charged by Medical and yet cannot see any doctor."). Even if the court construed these statements as objections to the Report and Recommendation, at most, they would constitute the type of general and conclusory objections that do not warrant the court's response. See Orpiano v. Johnson, 687 F.2d 44, 47-48 (4th Cir. 1982) (when a party makes only general and

---

only indicates that the filing is an "Objection to [the] Report and Recommendations," see Entry 9. Because the court must liberally construe Plaintiff's *pro se* response, see Hughes v. Rowe, 449 U.S. 5 (1980) (stating that the pleadings of *pro se* litigants are accorded liberal construction), the court has characterized the response as both Plaintiff's objections to the Report and Recommendation and a motion to amend the complaint.

conclusory objections that do not direct the court to a specific error in the Magistrate Judge's proposed findings and recommendations, the court need not conduct a de novo review).

The Magistrate Judge properly recommended that this action be dismissed as to Defendant Ozmint because Plaintiff failed to state a cognizable § 1983 claim against him. The Fourth Circuit has articulated three elements required to establish supervisory liability under § 1983: (1) the supervisor's "knowledge that his subordinate was engaging in conduct that posed 'a pervasive and unreasonable risk' of constitutional injury to citizens like the plaintiff"; (2) a response to that knowledge "so inadequate as to show 'deliberate indifference to or tacit authorization of the alleged offensive practices'"; and (3) an "'affirmative causal link' between the supervisor's inaction and the particular constitutional injury suffered by the plaintiff." Shaw v. Stroud, 13 F.3d 791, 799 (4th Cir. 1994) (citations omitted), cert. denied, 513 U.S. 813 (1994). In the context of a medical indifference claim, supervisory liability may only be shown where the official failed to promptly provide a prisoner with necessary medical care, deliberately interfered with a prison doctor's performance, or was indifferent to a prison physician's constitutional violation. Milter v. Beon, 896 F.2d 848, 854 (4th Cir. 1990).

Here, Plaintiff has not claimed that Defendant Ozmint engaged in any misconduct that would rise to the level of supervisory liability under § 1983. Although Plaintiff asserts that "Dir. Jon Ozmint [is] violating the law and placing [Plaintiff's] life and health in danger," Plaintiff fails to offer any additional facts that support this conclusory statement.[2] Objections, 3. In the absence of

---

[2] The only other reference to Defendant Ozmint is located in Plaintiff's objections to the Report and Recommendation and concerns a letter that Plaintiff allegedly wrote to Defendant Ozmint. According to Plaintiff, an associate warden informed him that "General Counsel" was aware of the letter and had indicated that Plaintiff did not have a right to be examined by any other physician. Objections, 3. Even

supporting facts, Plaintiff's allegations fail to state a claim upon which relief can be granted. See Weller v. Dep't of Soc. Servs., 901 F.2d 387, 39 (4t Cir. 1990) ("While *pro se* complaints may 'represent the work of an untutored hand requiring special judicial solicitude,' a district court is not required to recognize 'obscure or extravagant claims defying the most concerted efforts to unravel them.") (internal citations omitted); White v. White, 886 F.2d 721, 723 (4th Cir. 1989) (finding that plaintiff's complaint was frivolous where it "failed to contain any factual allegations tending to support its bare assertion . . . [P]laintiffs must allege with specificity facts to support their claims."). Consequently, Defendant Ozmint must be dismissed as a defendant.

The Magistrate Judge also recommended that Defendant Medical Dept. be dismissed because it is not a "person" subject to suit under § 1983. It is well settled that a § 1983 claim requires the plaintiff to allege injury from a constitutional violation by a "person" acting under color of state law and that inanimate objects are not "persons" within the meaning of § 1983. See Allison v. Cal. Adult Auth., 419 F.2d 822, 833 (9th Cir. 1969) (holding that California Adult Authority and San Quentin Prison are not "person[s]" subject to suit under § 1983). Nonetheless, the complaint indicates that Plaintiff brought this action against the doctors and nurses of BRCI's medical department. See, e.g., Complaint, 1 ("Petitioner has constantly seeked [sic] medical treatment from a doctor, which the nurses has [sic] refused to set an appointment."); id. at 2 ("[Plaintiff] returned to Medical in more

---

if the court understood this incident to implicate Defendant Ozmint in wrongdoing, Plaintiff's allegations would still be insufficient to support a claim of supervisory liability because such an isolated incident alone does not give rise to a supervisory liability claim. See Slakan v. Porter, 737 F.2d 368, 373 (4th Cir. 1984), cert. denied, 470 U.S. 1035 (1985) (stating that plaintiffs in supervisory liability cases bear a "heavy burden of proof" that cannot ordinarily be satisfied "by pointing to a single incident or isolated incidents").

pain and Nurse Foster - and I am sure she realized I was in pain - advised . . . that [Plaintiff] was on two (2) pain medications and [Plaintiff] should double the dosages. It is a fact that prolong [sic] usage of Ibuprofen 600mg and Analgesic tablets . . . are destructive to anyone [sic] liver after prolong [sic] uses [sic]."). Because those employees in the BRCI medical department are "persons" under § 1983, they are amenable to suit in their individual capacities.[3]

Plaintiff filed his complaint on March 27, 2007, and none of the named defendants has filed a responsive pleading. Federal Rule of Civil Procedure 15(a) provides that "[a] party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served . . . ." Pursuant to Rule 15(a), Plaintiff may amend his complaint as a matter of right. Accordingly, the court grants Plaintiff's motion to amend the complaint to name as defendants specific members of the medical staff at BRCI.[4]

## CONCLUSION

After thoroughly reviewing the Report and Recommendation in its entirety and the evidence in this case and after examining the applicable case law, the court adopts the Magistrate Judge's Report and Recommendation as to Defendants Ozmint and Medical Dept. Accordingly, this case is summarily dismissed as to those defendants without prejudice and without issuance of service of

---

[3] Although Plaintiff's allegations are rather vague and general, his failure to name specific defendants is not fatal to his suit. Such plaintiffs are typically given an opportunity to particularize and amend. See Coleman v. Peyton, 340 F.2d 603, 604 (4th Cir. 1965) (explaining that when a *pro se* complaint contains a potentially cognizable claim, the plaintiff should be allowed to particularize the claim).

[4] The additional defendants Plaintiff seeks to include are "Nurse Frost," who Plaintiff alleges improperly examined him, see Objections, 1; and "Dr. Sampson," who Plaintiff alleges tampered with his medication and diet, see id. at 2-4.

process. The court also grants Plaintiff's motion to amend to name additional defendants and, therefore, declines to adopt the Magistrate Judge's recommendation that the court dismiss the entire complaint. The matter is hereby recommitted to the Magistrate Judge for further pretrial handling.

**IT IS SO ORDERED**.

      /s/ Margaret B. Seymour
    Margaret B. Seymour
    United States District Judge

July 9, 2007
Columbia, South Carolina

## NOTICE OF RIGHT TO APPEAL

**Plaintiff is hereby notified that he has the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.**